THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT L. HAGER, Defendant-Appellant.

Second District    No. 2—99—0223

Opinion filed July 20, 2000.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

David R. Akemann, State's Attorney, of St. Charles (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and David J. Brent, of Oak Park, for the People.

JUSTICE GALASSO delivered the opinion of the court:

The defendant, Robert L. Hager, appeals from an order of the circuit court of Kane County dismissing his postconviction petition. On appeal, he contends that the trial court erred in dismissing his petition for lack of merit. We affirm the dismissal of the petition but on the basis that it was untimely filed.

Section 122—1(c) of the Post-Conviction Hearing Act (Act) sets forth the limitations periods applicable to the filing of petitions for postconviction relief as follows:

> "No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or more than 45 days after the defendant files his or her brief in the appeal of the sentence before the Illinois Supreme Court (or more than 45 days after the deadline for the filing of the defendant's brief with the Illinois Supreme Court if no brief is filed) or 3 years from the date of conviction, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122—1(c) (West 1996).

On March 12, 1991, the defendant was convicted of five counts of aggravated criminal sexual assault and three counts of aggravated criminal sexual abuse. On December 19, 1991, he was sentenced to two consecutive 40-year terms of imprisonment on the assault convictions; the abuse convictions were vacated. On January 18, 1994, this court vacated the sentences and remanded the cause for a new sentencing hearing. See *People v. Hager*, No. 2—91—1477 (1994) (unpublished order under Supreme Court Rule 23). On April 19, 1995, the defendant was resentenced on his aggravated criminal sexual assault convictions to two consecutive 35-year terms of imprisonment. The defendant again appealed, and on February 21, 1997, this court affirmed his sentences. Thereafter, on October 17, 1997, the defendant filed a *pro se* petition for postconviction relief. The petition reflects that the defendant's signature was notarized on September 26, 1997. However, the defendant concedes that the notice and proof of service are undated and that there is no postmarked envelope showing when the defendant placed the petition in the mail.

While the trial court did not rule on the timeliness of the petition, the defendant anticipated our review of that issue. He argues that while, in accordance with the Act, the petition was due to be filed six months from this court's February 21, 1997, decision or September 29, 1997 (since September 28, 1997, was a Sunday), the delay in filing the petition was not due to his culpable negligence in that he was initially told by his attorney that the petition was due October 11, 1997. He

submits that he is at least entitled to a hearing on the question of timeliness.

We need not determine if the defendant's failure to file his petition was due to his culpable negligence because even if the defendant had filed it on September 29, 1997, the defendant's petition is still untimely.

The Act ties the timing of the postconviction petition to one of three specific events: (1) the filing or possible filing of a petition for leave to appeal (PLA), (2) the filing of a brief in appeal of the sentence to our supreme court, or (3) the date of conviction. *People v. Reed*, 302 Ill. App. 3d 1007, 1008 (1999). In *Reed*, the reviewing court described the "logical relationship" between the three limitations periods as follows:

> "The six-month limitation applies when there has been an appeal to the appellate court, which triggers 'a denial of a [PLA] or the date for filing such.' The 45-day period applies to cases going directly to our supreme court (*e.g.*, a capital case) or in cases where a PLA is granted. Finally, the provision limiting postconviction petitions to within three years of the date of conviction applies to all other cases, *i.e.*, such as the instant matter where no appeal was taken. Thus, each possible postconviction avenue of appeal (including the decision not to appeal) is provided for under the Act with its own discrete and specific time limit for a postconviction petition." *Reed*, 302 Ill. App. 3d at 1009.

Since this case does not involve a direct appeal to the supreme court, the 45-day period is not applicable. In considering which of the remaining two choices applies, section 122—1 dictates that the shortest time period, the earliest date, be used. *Reed*, 302 Ill. App. 3d at 1008.

For purposes of his argument on appeal, the defendant takes the position that the six-month limitations period began to run after this court decided his second appeal. A remand for resentencing may impact the date of conviction for purposes of determining the three-years-from-the-date-of-conviction limitations period. See *People v. Ivy*, 313 Ill. App. 3d 1011 (2000) (sentence not final until denial of the defendant's motion to reconsider sentence was affirmed on appeal). However, the three-year limitations period is not applicable in this case, even assuming that the three-year limitations period did not begin to run until the defendant's convictions were final when this court affirmed his sentences on February 21, 1997.

The "triggering" date in this case was January 18, 1994, the date this court entered its order in connection with the defendant's first appeal. Since there is no indication that a petition for rehearing was

filed in the appellate court, the defendant then had 21 days, or until February 8, 1994, to file a PLA, which he chose not to do. See 166 Ill. 2d R. 315. The defendant then had six months from February 8, 1994, or until August 8, 1994, to file his postconviction petition. The fact that the defendant's first appeal resulted in a remand for resentencing does not require that the date of the disposition of the subsequent appeal be used as the "triggering" date for the running of the applicable limitation period. The Act provides a separate remedy, the availability of which is not contingent upon the exhaustion of any other remedy. *People v. Tripp*, 248 Ill. App. 3d 706, 711 (1993). The defendant could have filed a postconviction petition raising the issue he now raises while the sentencing issue was being resolved in the trial court.

In *Ivy*, the defendant filed his postconviction petition within six months of the appellate court's decision affirming the denial of his motion for reconsideration of his sentence but more than three years since his conviction. The *Ivy* court disagreed with the *dicta* in *Reed* to the effect that the three-year limitations period might apply if the direct appeal and the PLA process were to extend beyond the three years from the date of conviction. *Ivy*, 313 Ill. App. 3d at 1016; see *Reed*, 302 Ill. App. 3d at 1009. In holding that the defendant's petition was timely, the court determined that a defendant was not required to file a postconviction petition while the decision of the appellate court on direct review was still pending in order to be within the three-year limitations period from the original imposition of sentence. *Ivy*, 313 Ill. App. 3d at 1016.

We find *Ivy* distinguishable from the present case. Here, even assuming that the defendant was not "convicted" until February 21, 1997, when this court affirmed the denial of his motion for reconsideration, the defendant had already availed himself of the appeal process, which had terminated on February 8, 1994, triggering the running of the six-month limitations period. The Act requires the earliest date be utilized, which would have been February 8, 1994, not February 21, 1997.

In addition, we also disagree with the *Ivy* court's conclusion that a defendant may wait until his direct appeal is resolved before filing a postconviction petition, even though the direct appeal process extends more than three years past the date of conviction. Such a conclusion is contrary to the plain language of the Act. Had the legislature intended to permit defendants to finalize the direct appeal process before turning to relief under the Act, the Act would have provided that it is the last of the specified events to occur that triggers the running of the limitations period. Instead, the Act provides that it is the earliest of these events to occur that begins the running of the limitations period

and determines whether the petition is timely. See 725 ILCS 5/122—1(c) (West 1996).

Therefore, regardless of whether the defendant here could prove that his petition was filed on September 29, 1997, or that the fact that his petition was filed on October 17, 1997, was not due to his culpable negligence, the defendant's postconviction petition was untimely and therefore properly dismissed. Deciding this case as we do, we do not reach the issue as to whether the petition was frivolous and patently without merit.

The judgment of the circuit court of Kane County is affirmed.

Affirmed.

BOWMAN, P.J., and RAPP, J., concur.