THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. AUGUSTIN V. ACOSTA, Defendant-Appellant.

Second District   No. 2—00—0789

Opinion filed December 13, 2001.—Modified on denial of rehearing April 26, 2002.

2

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Stephen E. Norris and Patrick D. Daly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Following a bench trial, defendant, Augustin Acosta, was found guilty of first-degree murder (720 ILCS 5/9—1(a)(1), (a)(2) (West 1996)) and subsequently sentenced to natural life imprisonment. Defendant appealed, and this court, on February 3, 1998 (*People v. Acosta*, 294 Ill. App. 3d 1112 (1998) (unpublished order under Supreme Court Rule 23)), affirmed defendant's conviction and sentence. On April 14, 1998, we denied defendant's petition for rehearing. On March 1, 2000, defendant filed a petition for postconviction relief. Following a hearing on the State's motion to dismiss the petition, the trial court granted the motion and denied defendant's petition. This appeal ensued.

Defendant appeals, contending that (1) section 122—1(c) of the

Post-Conviction Hearing Act (725 ILCS 5/122—1(c) (West 1998)), which defines the limitations period for filing a postconviction petition, is unconstitutionally vague; (2) the trial court erred in refusing to grant an evidentiary hearing on the ground that he was coerced into testifying by his trial defense counsel; and (3) his natural life sentence is unconstitutional under the holding in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).

The following facts are substantially in the same form as they appeared in our Rule 23 order affirming defendant's conviction and sentence. The victim, Tyler Lerma-Miller, lived with his mother Anne Marie Lerma and defendant, Anne Marie's boyfriend. Tyler was born on January 23, 1994. Beginning in February 1996, defendant occasionally cared for Tyler during the day while Anne Marie worked. Over the next month Anne Marie began to notice cuts and bruises on Tyler. On the morning of March 8, 1996, Anne Marie left Tyler with defendant while she was at work. Before arriving at work, she called home and defendant told her that Tyler had fainted while defendant was bathing him.

The police officer who responded to the 911 call observed bruises on Tyler's cheek, neck, chest, arms, and legs. He also noticed that Tyler's neck was red and swollen. The officer attempted resuscitation, but Tyler exhibited no vital signs.

The pathologist who performed the autopsy noticed various bruises on Tyler's body. He found hemorrhaging around the lungs, a laceration of the liver, and fractured ribs. He believed that the internal injuries were consistent with repeatedly being struck with a hand or fist. He considered the cause of death to be multiple injuries due to multiple blunt force trauma.

Defendant, who was 31 years old at the time of trial, admitted that he struck Tyler in the bathtub that morning but that he did not intend to hurt him. He also hit him twice with a plastic pitcher that was used to rinse Tyler's hair. Defendant pulled Tyler out of the tub by his neck but did not choke him. He carried Tyler to the couch. When he came to dress him, he noticed that Tyler had stopped breathing.

At the conclusion of the trial, the court found defendant guilty of first-degree murder.

In his first contention, defendant does not dispute that his postconviction petition was untimely filed but argues that section 122—1(c) of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1(c) (West 1998)), which sets forth the limitations period for filing a postconviction petition, is unconstitutionally vague and, therefore, the trial court's dismissal of his petition based on its untimeliness should

be reversed. Defendant admitted in the trial court that the statutorily prescribed time for the filing of his postconviction petition had expired at the time his petition was filed but maintained that the delay in filing was not due to his culpable negligence. In this court defendant does not challenge the trial court's finding regarding the lack of culpable negligence in timely filing his petition but, instead, for the first time, challenges the constitutionality of the statute that establishes the time limitations within which to file a petition. Defendant acknowledges that he failed to raise this constitutionality claim in the trial court but correctly asserts that the constitutionality of a criminal statute may be challenged at any time. *People v. Wright*, 194 Ill. 2d 1, 23 (2000). The constitutionality of a statute is a question of law, which we review *de novo. People v. McClanahan*, 191 Ill. 2d 127, 132 (2000).

■ Statutes are presumed to be constitutional, and the party challenging the constitutionality of a statute has the burden of establishing that it is invalid. *Wright*, 194 Ill. 2d at 24. Due process requires that a statute must not be "so vague" that persons of common intelligence must necessarily guess at its meaning or application. *People v. Warren*, 173 Ill. 2d 348, 356 (1996). However, mathematical certainty in language is not required. *Warren*, 173 Ill. 2d at 356. Further, acts of the legislature must be construed so as to uphold their constitutionality and validity if it can be reasonably done and, if their construction is doubtful, the doubt will be resolved in favor of the validity of the challenged law. *People v. Fisher*, 184 Ill. 2d 441, 448 (1998).

■ Section 122—1(c) of the Post-Conviction Hearing Act states as follows:

"No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or more than 45 days after the defendant files his or her brief in the appeal of the sentence before the Illinois Supreme Court (or more than 45 days after the deadline for the filing of the defendant's brief with the Illinois Supreme Court if no brief is filed) or 3 years from the date of conviction, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122—1(c) (West 1998).

Defendant contends that this statute is vague and uncertain and that any person of ordinary intelligence must necessarily guess at its meaning and differ as to its application. While we agree that, given the length of the single sentence formulating section 122—1(c), the provision may not be easy reading, we do not agree that it is "so vague" that an individual of ordinary intelligence would be compelled to guess at its meaning or application.

We pointed out in *People v. Hager*, 314 Ill. App. 3d 951 (2000), that the limitations periods applicable to the filing of petitions for postconviction relief are tied to one of the three specific events set forth in section 122—1(c): (1) the filing or possible filing of a petition for leave to appeal, (2) the filing of a brief in an appeal of the sentence to our supreme court, or (3) the date of conviction. *Hager*, 314 Ill. App. 3d at 953. Each of these events is distinguished from the others in the provision through the legislature's use of the disjunctive conjunction "or." Clearly, any person of ordinary intelligence would recognize that the use of "or" in section 122—1(c) means that more than one possibility exists for the timing of the filing of a postconviction petition. Furthermore, section 122—1(c) makes it clear that different time periods exist as to each event, *i.e.*, within 6 months of the denial of a petition for leave to appeal or the due date of such a petition if none is filed, within 45 days from the filing of the defendant's brief where the appeal is taken by our supreme court (or the due date of the brief if none is timely filed), or 3 years from the defendant's conviction. The provision further dictates, in stating "whichever is sooner," that it is the earliest of the three specified events to occur that constitutes the "triggering" date for the running date of the applicable time period and determines whether a petition is timely. See *Hager*, 314 Ill. App. 3d at 954-55.

Although defendant maintains that setting forth a "myriad of filing deadlines" in section 122—1(c) has created a complex and ambiguous statute, we believe, conversely, that in wording the statute as it has the legislature has not created a complex and ambiguous provision. Rather, it has addressed every possible postconviction means of appeal that a defendant might elect to follow, including the decision not to appeal, and set forth the specific time period that applies in each instance. As the reviewing court in *People v. Reed*, 302 Ill. App. 3d 1007 (1999), recognized, a "logical relationship" exists among the three limitation periods provided in the statute:

> "The six-month limitation applies when there has been an appeal to the appellate court, which triggers 'a denial of a [petition for leave to appeal] or the date for filing such.' The 45-day period applies to cases going directly to our supreme court (*e.g.*, a capital case) or in cases where a [petition for leave to appeal] is granted. Finally, the provision limiting postconviction petitions to within three years of the date of conviction applies to all other cases, *i.e.*, such as the instant matter where no appeal was taken. Thus, each possible postconviction avenue of appeal (including the decision not to appeal) is provided for under the Act with its own discrete and specific time limit for a postconviction petition." *Reed*, 302 Ill. App. 3d at 1009.

Defendant maintains that, because this court in *Hager* construed the limitations periods in section 122—1(c) differently than the Appellate Court, Fourth District, did in *People v. Ivy*, 313 Ill. App. 3d 1011 (2000), we must conclude that the statute is unconstitutionally vague. We disagree. In *Ivy*, the defendant filed his postconviction petition within six months of the appellate court's decision affirming the denial of his motion for reconsideration of his sentence but more than three years after his conviction. The Fourth District determined that defendant's petition was timely because he was not required to file the petition until his direct appeal was resolved, even if the direct appeal process extended more than three years past the date of conviction. *Ivy*, 313 Ill. App. 3d at 1016. In *Hager* we disagreed with this conclusion, pointing out that "[s]uch a conclusion is contrary to the plain language of the Act" and that, if the legislature had intended this conclusion, it would have provided that it was the last of the specified events to occur that triggers the running of the limitations period rather than the earliest. *Hager*, 314 Ill. App. 3d at 954.

The Fourth District's interpretation of section 122—1(c) in *Ivy* does not establish that the provision is ambiguous but, rather, as the State points out, evinces the reviewing court's understanding of the scope and purpose of the Act. An action for postconviction relief is a collateral proceeding rather than an appeal from the underlying conviction and sentence. *People v. Edwards*, 195 Ill. 2d 142, 155 (2001). The Act contains no provision barring a trial court from considering a postconviction petition while a defendant's direct appeal is pending. *People v. Williams*, 308 Ill. App. 3d 567, 570 (1999). However, the court's conclusion in *Ivy* would imply just the opposite. We agree with the State that the difference in our interpretation of section 122—1(c) in *Hager* and that of the Fourth District in *Ivy* does not evidence that the provision is unconstitutionally vague but only that the Fourth District in reaching its determination misconceived the purpose of the Act.

We note that defendant complains that the applicable triggering date set forth in section 122—1(c) can be discerned only by referring to the supreme court rules pertaining to the deadlines for the filing of petitions for leave to appeal and briefs and that section 122—1(c) fails to direct the reader to the specific citation for these rules. However, it is well established that a defendant is presumed to know the law and that ignorance of it is no excuse (*People v. Terneus*, 239 Ill. App. 3d 669, 672 (1992)), and we are in accord with the State's position that this same principle should be equally applicable to the supreme court rules.

We conclude that section 122—1(c) is not unconstitutionally

vague. We find, therefore, that the trial court's dismissal of defendant's postconviction petition based on its untimeliness was proper. Defendant's appeal was decided on February 3, 1998. His subsequent petition for rehearing was denied on April 14, 1998. He had 21 days from the denial of his petition for rehearing, or until May 4, 1998, to file a petition for leave to appeal with the supreme court, which he did not file. He then had six months from that date, or until November 4, 1998, to file his petition for postconviction relief. However, defendant did not file his petition until March 1, 2000, well beyond the applicable limitations period set forth in section 122—1(c) and, thus, it was untimely filed.

Because of our determination that the defendant's petition was untimely, we need not reach his issue regarding whether this cause should be remanded for an evidentiary hearing. Instead, we proceed directly to consideration of defendant's last issue.

In his last contention defendant argues that, under the United States Supreme Court decision in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), his natural life sentence, imposed pursuant to section 5—8—1(a)(1)(b) of the Unified Code of Corrections (Code) (730 ILCS 5/5—8—1(a)(1)(b) (West 1996)), was unconstitutional. In Illinois the statutory maximum prison sentence for first-degree murder is 60 years. 730 ILCS 5/5—8—1(a)(1)(a) (West 1996). In imposing the natural life sentence, the trial court relied in part on its finding that the murder was accompanied by exceptionally brutal and heinous behavior indicative of wanton cruelty. Defendant asserts that under *Apprendi* any fact that increases a sentence beyond the prescribed statutory maximum for an offense must be submitted to a jury and proved beyond a reasonable doubt. Because such was not the situation here, defendant maintains that he was denied due process of law and that, therefore, his sentence should be modified to 60 years' imprisonment, the maximum allowable for his murder conviction.

■ The State initially responds that defendant has waived any challenge under *Apprendi* to his natural life sentence because he failed to raise the issue in his postconviction petition. However, the constitutional dimension of defendant's issue allows us to relax the waiver rule and address it. *People v. Wooters*, 188 Ill. 2d 500, 510 (1999). Accordingly, we reject the State's waiver argument.

■ Additionally, the State contends that the rule announced in *Apprendi* does not apply retroactively to permit a collateral attack on a conviction and sentence that were final before *Apprendi* was decided. This issue has been previously addressed by the appellate court with varying results. See, *e.g.*, *People v. Rush*, 322 Ill. App. 3d 1014, 1027

(2001); *People v. Beachem*, 317 Ill. App. 3d 693, 706 (2000) (*Apprendi* does apply retroactively to the review of a timely postconviction petition); *People v. Helton*, 321 Ill. App. 3d 420, 422 (2001); *People v. Kizer*, 318 Ill. App. 3d 238, 252 (2000) (*Apprendi* does not apply retroactively to the review of a timely postconviction petition). However, none of the foregoing cases addressed whether *Apprendi* applies to an untimely petition, and here, as determined above, we are dealing with an untimely petition. In *People v. Jones*, 321 Ill. App. 3d 515 (2001), the reviewing court determined that *Apprendi* did not apply to an untimely, successive petition. *Jones*, 321 Ill. App. 3d at 523. The court held that *Apprendi* cannot be used to resurrect an otherwise procedurally barred postconviction petition. Although the defendant's postconviction petition in *Jones* was his sixth petition, we believe the court's rationale still applies here, where defendant's petition was untimely. We find, therefore, that where it has been determined that a postconviction petition is procedurally barred because of its untimeliness, *Apprendi* does not apply.

■ Moreover, in instances where a defendant's postconviction petition is both untimely and its tardiness is not excused, we believe *Apprendi* should not apply. Here, defendant's petition was untimely filed and the trial court determined that defendant failed to show that he was not culpably negligent for its tardiness. Accordingly, we find that *Apprendi* does not apply retroactively to defendant's untimely filed postconviction petition. We find support for our determination in this court's very recent decision in *People v. McGee*, 328 Ill. App. 3d 930 (2002). In *McGee* we found that *Apprendi* does not apply retroactively to cases on collateral review. *McGee*, 328 Ill. App. 3d at 935. Therefore, whether defendant's petition was untimely or timely filed, *Apprendi* did not apply to the petition. Consequently, under both our conclusion here and that reached by this court in *McGee*, we need not address whether the holding in *Apprendi* rendered unconstitutional defendant's natural life sentence entered pursuant to section 5—8—1(a)(b) of the Code.

■ Defendant also argues, however, that, even if he is not entitled to *Apprendi* relief due to the untimeliness of his postconviction petition, the portion of his sentence in excess of 60 years, *i.e.*, the extended term, was void, as it was based on a crime, "an aggravated crime of murder," that did not exist. Defendant asserts that, because a void sentence may be challenged at any time, the timing of his petition is irrelevant.

A void judgment is one entered by a court that lacks jurisdiction over the parties or the subject matter, or that lacks the inherent power to enter the order. *People v. Wade*, 116 Ill. 2d 1, 5 (1987). At the time

defendant was sentenced, the sentencing guidelines allowed the trial court to sentence a person to an extended term if the court determined the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty. 730 ILCS 5/5—5—3.2(b)(2) (West 1996). In imposing a sentence of natural life imprisonment on defendant, the court made such a determination. Thus, in sentencing defendant to an extended-term sentence, the court was not basing the sentence on a crime that did not exist, as defendant claims, but was acting within the authority allowed by the sentencing guidelines. Defendant's sentence, therefore, was not void.

Based on the reasons set forth above, we affirm the judgment of the circuit court of Du Page County dismissing defendant's postconviction petition.

Affirmed.

HUTCHINSON, P.J., and GEIGER, J., concur.