THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID REED, Defendant-Appellant.

Third District   No. 3—97—1018

Opinion filed January 29, 1999.

Verlin R. Meinz (argued), of State Appellate Defender's Office, of Ottawa, for appellant.

Michael James, State's Attorney, of Ottawa (John X. Breslin and Robert M. Hansen (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE HOLDRIDGE delivered the opinion of the court:

The defendant, David Reed, pled guilty to the offense of armed robbery and was sentenced to a term of 15 years' imprisonment. The plea of guilty was entered and sentence was imposed by judgment

entered on March 17, 1994. No postplea motion or appeal was filed. On February 27, 1997, the defendant filed a postconviction petition pursuant to the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—1 *et seq.* (West Supp. 1997)). The defendant maintained in his petition that he had been taking psychotropic medication at the time he entered his guilty plea and his attorney had been ineffective in not requesting that the court order a fitness hearing prior to accepting the guilty plea. The trial court dismissed the defendant's petition as untimely, holding that the defendant had only seven months from the entry of the judgment of conviction in which to file his postconviction petition. We reverse and remand for further proceedings.

■ Dismissal of a postconviction petition without an evidentiary hearing is subject to *de novo* review. *People v. Coleman*, 183 Ill. 2d 366 (1998). Here, our task is to interpret the statute of limitations provided by the Act:

> "(c) No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or more than 45 days after the defendant files his or her brief in the appeal of the sentence before the Illinois Supreme Court (or more than 45 days after the deadline for the filing of the defendant's brief with the Illinois Supreme Court if no brief is filed) or 3 years from the date of conviction whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122—1(c) (West Supp. 1997) (effective January 1, 1997).

Thus, the Act ties the timing of the postconviction petition to one of three specific events: (1) the filing or possible filing of a petition for leave to appeal (PLA); (2) the filing of a brief in appeal of the sentence to our supreme court, or (3) the date of conviction. The Act specifies different time periods as to each reference point—within six months from the denial of a petition for leave to appeal (or the due date of such a petition if one is not filed), within 45 days from the filing of the defendant's brief where the appeal is taken by our supreme court (or the due date of the brief if none is actually filed), or three years from the defendant's conviction. The Act further provides that the shortest time period, the earliest date, be used.

■ The issue raised by this appeal is which of the three limitations specified by the Act should apply where no appeal is taken of the underlying conviction. This is a matter of first impression with our courts. Two possible alternatives are offered for our consideration. The People maintain that, although no actual due date for a PLA could exist in situations where no appeal is taken, a due date for the

filing of a PLA could be *presumed* to exist on a date 30 days after the defendant *could have* appealed the underlying conviction. Thus, the People maintain, the Act's limitation on filing postconviction petitions within six months of the due date of a PLA would be the appropriate deadline. In contrast, the defendant herein maintains that the limitation ending three years after the conviction is applicable.

We agree with the defendant and hold that, where no appeal is taken of the underlying conviction, the defendant's postconviction petition must be filed within three years of the entry of the judgment of conviction, unless he or she alleges facts showing that the delay was not due to his or her culpable negligence. We find no support in the Act or elsewhere for the People's assertion that the legislature intended a presumptive due date for a theoretical PLA in drafting the Act. To the contrary, the due date for a PLA is a date certain that can only be determined in a manner specified in Supreme Court Rule 315(b) (166 Ill. 2d R. 315(b)), which requires as a prerequisite to the filing of a PLA the existence of a "judgment of the Appellate Court." Thus, the due date for the filing of a PLA is triggered only by a decision of the appellate court. Where there is no appeal to the appellate court, there can be no decision of that court from which to seek our supreme court's leave to appeal. As there can be no petition to our supreme court in such cases, there can be no "due date" for such a nonexistent event.

Further, we note that interpreting the Act as we have in this matter recognizes a certain logical relationship among the three time-limitation periods provided in the Act. The six-month limitation applies when there has been an appeal to the appellate court, which triggers "a denial of a [PLA] or the date for filing such." The 45-day period applies to cases going directly to our supreme court (*e.g.*, a capital case) or in cases where a PLA is granted. Finally, the provision limiting postconviction petitions to within three years of the date of conviction applies to all other cases, *i.e.*, such as the instant matter where no appeal was taken.[1] Thus, each possible postconviction avenue of appeal (including the decision not to appeal) is provided for under the Act with its own discrete and specific time limit for a postconviction petition.

In so holding, we cannot accept the People's assertion that it is il-

---

[1] It would appear that the "3 years from the date of conviction" period may be involved even in the event of a direct appeal if, for example, the direct appeal and PLA process were to extend beyond three years from the date of conviction. However, as that specific question is not germane to the matter *sub judice*, we leave that question to a future court.

logical or absurd for the legislature to ascribe the longest time for postconviction appeal to the defendant who chooses to forego the avenue of a direct appeal. The People ask this court to speculate, as did the trial court, that our legislature would not countenance the longest period of time in which to file a postconviction petition for a defendant who "sat around and did nothing," *i.e.*, did not file an appeal of his or her conviction. Although pure speculation as to the intent of our legislature is of dubious value, were we to engage in such speculation, we would have to agree with the defendant's assertions that it is equally likely that the legislature intended the longer limitations period for defendants who had not appealed their conviction. In so doing, the legislature may have been recognizing that, by not pursuing a direct appeal, the defendant waived all statutory, sentencing or credit issues cognizable only on direct appeal, and thus he or she should have a longer period in which to pursue the very limited remedy available under the Act.

Finally, we note that the trial court, after ruling that the defendant's postconviction petition was untimely, also gave its "advisory" opinion that the petition lacked merit. Although each party asks this court to either affirm or reverse the trial court's "advisory" ruling, we must decline the invitation, as neither the trial court nor this court is empowered to render advisory opinions. *People v. Halasz*, 244 Ill. App. 3d 284, 285-86 (1993).

For the foregoing reasons, we find that the defendant's postconviction petition was timely. We reverse the order of the circuit court of La Salle County and remand this matter for further proceedings consistent with this decision.

Reversed and remanded.

LYTTON and KOEHLER, JJ., concur.