THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DEMETRIUS D. ROSS, Defendant-Appellant.

Third District    No. 3—02—0828

Opinion filed September 24, 2004.

G. Joseph Weller and Paul Alexander Rogers, both of State Appellate Defender's Office, of Elgin, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (Lawrence M. Bauer and Richard T. Leonard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

Defendant Demetrius D. Ross appeals from an order of the circuit court dismissing his petition for postconviction relief on the ground of untimeliness. For reasons that follow, we reverse and remand for further proceedings.

## BACKGROUND

Defendant was charged in four counts with the December 9, 1994, first degree murder and aggravated kidnaping (720 ILCS 5/9—1(a)(1), (a)(3), 10—2(a)(3), (a)(5) (West 1994)) of Hector Muriel. Following negotiations with the State, defendant pleaded guilty to felony murder.

Pursuant to the plea agreement, the State would recommend a 60-year sentencing cap. The trial court accepted defendant's plea and set the cause for sentencing. Following a hearing on January 6, 1997, the court imposed a 60-year term of imprisonment and admonished defendant of his appeal rights. The court stated that before defendant could take an appeal, he would have to file a written motion within 30 days of sentencing to either reconsider sentence or withdraw his guilty plea and vacate judgment.

Neither defendant nor his attorney filed a timely postplea motion. On April 4, 1997, defendant filed a *pro se* "Petition to Withdraw Guilty Plea and Vacate Sentence," alleging that his attorney had provided inadequate representation at the plea proceedings and that his guilty plea was involuntary. The trial court denied the petition based on lack of subject matter jurisdiction and untimeliness. On May 6, 1997, defendant filed a notice of appeal. The trial court appointed appellate counsel to represent defendant.

Appointed appellate counsel moved to dismiss the appeal based on defendant's failure to comply with Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)). At the time, Rule 604(d) provided in relevant part as follows:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw his plea of guilty and vacate the judgment. *** If the motion is denied, a notice of appeal from the judgment and sentence shall be filed within the time allowed in Rule 606, measured from the date of entry of the order denying the motion." 145 Ill. 2d R. 604(d).

Citing the rule, this court granted counsel's motion and dismissed the appeal in a minute order.

On November 19, 1999, defendant filed a *pro se* postconviction petition claiming, *inter alia*, the trial court's failure to admonish him pursuant to Supreme Court Rule 402 (134 Ill. 2d R. 402), ineffective assistance of trial counsel and ineffective assistance of appellate counsel. After reviewing the *pro se* petition, attached affidavits and related documents, the presiding judge entered an order on February 10, 2000. The court found that the petition contained argument, citation to authorities and other matter in violation of section 122—2 of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—2 (West 2000)). The court stated that it could not, however, determine whether the allegations in the petition were frivolous or patently without merit. Accordingly, the court dismissed the petition and appointed attorney Ray Conklin to file an amended petition on defendant's behalf.

Ultimately, on July 16, 2002, following the dismissal of various *pro se* filings and multiple withdrawals and substitutions of appointed counsel, attorney Mark Jackson filed a "Petition for Post-Conviction Relief" on defendant's behalf. This petition summarized defendant's *pro se* claims of constitutional deprivations in the guilty plea proceedings and requested an evidentiary hearing on the claim of ineffective assistance of trial counsel. The State moved to dismiss on grounds that the November 19, 1999, petition was untimely and that defendant's claim of ineffective assistance of counsel was frivolous and patently without merit.

Following a hearing on the State's motion, the court ruled that defendant's postconviction petition was untimely and dismissed it on that basis. Defendant filed a timely notice of appeal. Our review is *de novo*. *People v. Coleman*, 183 Ill. 2d 366, 701 N.E.2d 1063 (1998).

## ISSUES AND ANALYSIS

The first issue we must address concerns the limitation period applicable to defendant's postconviction petition. Defendant contends that, having failed to "perfect" a direct appeal, he had three years from the date of sentencing to file a timely petition under the Act (725 ILCS 5/122—1(c) (West 2002)). The State argues that the time for filing a timely postconviction petition expired six months after the due date for a petition for leave to appeal this court's minute order dismissing defendant's direct appeal.

Section 122—1(c) of the Act provides:

"No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed *** or 3 years from the date of conviction, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122—1(c) (West 2002).

A defendant who takes no direct appeal from his conviction has three years to file a timely postconviction petition. *People v. Reed*, 302 Ill. App. 3d 1007, 706 N.E.2d 1059 (1999). The six-month limitation period applies only after an appeal from the judgment of conviction is taken and the appellate court renders judgment. *Reed*, 302 Ill. App. 3d 1007, 706 N.E.2d 1059.

Where the defendant's conviction was entered upon a plea of guilty, however, "[n]o appeal *** shall be taken" without complying with the postplea requirements of Rule 604(d). 145 Ill. 2d R. 604(d). A notice of appeal filed in the trial court without complying with the rule vests the appellate court with authority to consider only the trial court's jurisdiction—not the merits of the cause. *People v. Flowers*, 208 Ill. 2d 291, 802 N.E.2d 1174 (2003). In such a case, unless the defendant

claims that the trial court failed to admonish him of his appeal rights, the appellate court's only recourse is to dismiss the appeal. *People v. Foster*, 171 Ill. 2d 469, 665 N.E.2d 823 (1996). For postconviction purposes, a direct appeal dismissed for failure to file a timely postplea motion pursuant to Rule 604(d) is tantamount to no appeal at all. See *People v. Teague*, 83 Ill. App. 3d 990, 994, 404 N.E.2d 1054, 1058 (1980) (on appeal from dismissal of postconviction petition, court ruled that denial of defendant's motion to file late notice of direct appeal because it was untimely had "same effect as the filing of no appeal").

Here, defendant's noncompliance with Rule 604(d) precluded appellate review of defendant's conviction and sentence. *Foster*, 171 Ill. 2d 469, 665 N.E.2d 823; see also *Flowers*, 208 Ill. 2d 291, 802 N.E.2d 1174. Therefore, for purposes of the Act, no direct appeal was taken. *Teague*, 83 Ill. App. 3d 990, 404 N.E.2d 1054. The Act's six-month limitation period was not triggered, and defendant had three years from the date of his conviction to file a timely petition for postconviction relief. *Reed*, 302 Ill. App. 3d 1007, 706 N.E.2d 1059. Defendant's *pro se* petition of November 19, 1999, was filed within three years of January 6, 1997, when defendant's sentence was imposed; therefore, the petition was not barred by the three-year limitation period.

Next, we must address the State's argument that, even if the three-year limitation period applies, the court did not err in dismissing as untimely the petition filed by attorney Jackson on July 16, 2002. In support of this position, the State first contends that the trial court summarily dismissed defendant's *pro se* petition on February 10, 2000, when it dismissed the petition and appointed attorney Conklin to represent defendant in further proceedings. Assuming the *pro se* petition was dismissed as frivolous and patently without merit, the State argues, the July 16, 2002, filing was an untimely successive petition.

The State's argument is legally and factually flawed.

Section 122—2.1(a) of the Act requires the trial court to review a *pro se* petition within 90 days of its filing and determine whether the cause should be summarily dismissed because the petition's allegations are frivolous or patently without merit. 725 ILCS 5/122—2.1(a) (West 2002). If the court determines that the petition is frivolous and patently without merit, it must so inform the defendant pursuant to section 122—2.1(a)(2) (725 ILCS 5/122—2.1(a)(2) (West 2002)). A defendant sentenced to imprisonment is not entitled to appointed counsel to amend a petition summarily dismissed under section 122—2.1(a)(2). See 725 ILCS 5/122—4 (West 2002). It is only where the petition survives summary dismissal under section 122—2.1(a)(2) that

counsel may be appointed for the petitioner and the cause must be docketed for further proceedings. 725 ILCS 5/122—2.1(b) (West 2002).

In this case, the February 10, 2000, order expressly stated that the court could not determine whether defendant's November 19, 1999, petition was frivolous or patently without merit. The record shows that the court's dismissal of the petition for noncompliance with section 122—2 of the Act was a procedural ruling without prejudice. The ruling did not constitute a final judgment under section 122—2.1(a)(2) or prevent the cause from advancing to second-stage postconviction proceedings. Accordingly, we find that the court did not dismiss the petition under section 122—2.1(a)(2), but properly appointed counsel and docketed the cause for further postconviction proceedings pursuant to section 122—2.1(b).

Last, we reject the State's argument that, since the July 16, 2002, petition did not state on its face that it "amended" defendant's *pro se* petition, it must be considered an untimely successive petition. While the title of attorney Jackson's pleading lacks the word "amended," its contents related to defendant's *pro se* claims as they appeared in his November 19, 1999, petition and in his *pro se* amendments. Moreover, the record unequivocally demonstrates that both parties and the trial court understood that the date in question for determining timeliness of the petition was November 19, 1999, not July 16, 2002.

Having determined that defendant's petition for postconviction relief was erroneously dismissed as untimely, we reverse and remand the cause for further proceedings.

## CONCLUSION

The judgment of the circuit court of Rock Island County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

HOLDRIDGE, P.J., and SCHMIDT, J., concur.