No. 2-09-0726      Filed:  12-29-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 01--CF--2955 |
| WILLON B. WALLACE, | ) ) | Honorable Kathryn E. Creswell, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BOWMAN delivered the opinion of the court

Defendant, Willon B. Wallace, appeals from the second-stage dismissal of his postconviction petition.  Defendant argues that the trial court erred in dismissing the petition as untimely.  We affirm.

I. BACKGROUND

In January 2002, defendant was charged with four counts of home invasion (720 ILCS 5/12--11(a)(2), (a)(3) (West 2002)); two counts of armed robbery (720 ILCS 5/18--2 (West 2002)); aggravated unlawful restraint (720 ILCS 5/10--3.1(a) (West 2002)); and residential burglary (720 ILCS 5/19--3 (West 2002)).  In September 2002, defendant pleaded guilty to home invasion (720 ILCS 5/12--11(a)(3) (West 2002)), and the State nol-prossed the remaining charges.  The trial court sentenced defendant to 21 years' imprisonment with a 15-year add-on as required by section 12--11(c) of the Criminal Code of 1961 (Code) (720 ILCS 5/12--11(c) (West 2002)).

Defendant subsequently filed a motion to withdraw his guilty plea, which the trial court denied. On appeal, defendant argued that his sentence must be reduced to 21 years because section 12--11(c) of the Code violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11). This court initially agreed. People v. Wallace, No. 2--03--0308 (2004) (unpublished order under Supreme Court Rule 23). However, we later vacated our order pursuant to our supreme court's direction and reconsidered the case in light of People v. Sharpe, 216 Ill. 2d 481 (2005). As a result, on January 13, 2006, we affirmed the trial court's imposition of a 36-year sentence. People v. Wallace, No. 2--03--0308 (2006) (unpublished order under Supreme Court Rule 23).

In October 2006, defendant filed a motion for leave to file a late postconviction petition as well as a pro se postconviction petition. The proof of service on the documents states that they were placed in the United States mail on October 3, 2006, though the documents were notarized on October 10, 2006. The papers are file-stamped October 27, 2006.[1] On December 19, 2006, the trial court summarily dismissed the petition as untimely. On appeal, this court reversed. We held that the trial court erred in dismissing the petition based on timeliness during the first stage of postconviction proceedings. Since the 90-day period for summarily dismissing the petition had passed, we remanded the cause for second-stage proceedings. People v. Wallace, No. 2--07--0131 (2008) (unpublished order under Supreme Court Rule 23).

On remand, the trial court appointed counsel to represent defendant. Counsel filed an amended postconviction petition on March 17, 2009. The amended petition stated that defendant's

---

[1]The exact day in October 2006 that defendant is deemed to have filed his postconviction petition does not affect the outcome of this case.

original petition was filed late, but it argued that defendant was excused from the statutory time limit because the late filing was due not to his culpable negligence but, rather, to prison law library closures. The State filed a motion to dismiss, arguing that the library was open on enough days for defendant to have timely prepared and filed his postconviction petition. The trial court granted the motion to dismiss on July 10, 2009, and defendant timely appealed.

## II. ANALYSIS

On appeal, defendant argues that he filed his postconviction petition within the statutory time limit, so the issue of culpable negligence was irrelevant. We review the dismissal of a postconviction petition without an evidentiary hearing de novo, which is the same standard that we apply in construing the language of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122--1 et seq. (West 2006)). People v. Harris, 224 Ill. 2d 115, 123 (2007). The primary rule of statutory construction is to ascertain and give effect to the legislature's intent, which is best determined by the statutory language's plain and ordinary meaning. People v. Jamison, 229 Ill. 2d 184, 188 (2008).

The applicable time limits for a postconviction petition are the ones that were in effect when the defendant filed the petition. Harris, 224 Ill. 2d at 125 n.1. The Act's time limits are not a jurisdictional bar, but rather act as a statute of limitations that can be raised, waived, or forfeited by the State. People v. Stoecker, 384 Ill. App. 3d 289, 291 (2008). Here, the Act provided the following deadlines[2] for a defendant in a noncapital case to file a petition:

"When a defendant has a sentence other than death, no proceedings under this Article shall be commenced more than 6 months after the conclusion of proceedings in the United States Supreme Court, unless the petitioner alleges facts showing that the delay was not due

_____

[2]These time limits are still in effect today. See 725 ILCS 5/122--1(c) (West 2008).

to his or her culpable negligence. <u>If a petition for certiorari is not filed, no proceedings under this Article shall be commenced more than 6 months from the date for filing a certiorari petition, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence.</u> If a defendant does not file a direct appeal, the post-conviction petition shall be filed no later than 3 years from the date of conviction, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence.

This limitation does not apply to a petition advancing a claim of actual innocence."

(Emphasis added.) 725 ILCS 5/122--1(c) (West 2006).

Thus, section 122--1(c) provides three possible methods for calculating the deadline for filing a postconviction petition. Under the first method, the petition is due six months after United States Supreme Court proceedings have concluded. Such proceedings did not take place here, so this method does not apply. The third method applies to cases where the defendant did not file a direct appeal, which is not the situation here. Thus, the second method necessarily applies, under which defendant was required to file his petition within "6 months from the date for filing a certiorari petition." 725 ILCS 5/122--1(c) (West 2006). The parties have not cited, nor has our research revealed, any authority analyzing this language.

As previously described, this court initially issued a judgment in defendant's direct appeal in 2004, but we vacated that decision pursuant to our supreme court's order. Thus, our 2004 decision cannot serve as the starting point for calculating the applicable deadline. Rather, the starting point would be January 13, 2006, when we reinstated defendant's 36-year sentence. Under the version of Supreme Court Rule 315(b) in effect at that time, defendant had 21 days from the entry of the judgment to file a petition for leave to appeal, or if he filed an affidavit of intent within the 21-day

period, he would have had 35 days from the date of the judgment.[3] 210 Ill. 2d R. 315(b).  Defendant argues that he therefore had 35 days to file a petition for leave to appeal, though he did not file an affidavit of intent within 21 days of the judgment.  We note that cases have applied both the 21-day period and the 35-day period in similar situations without discussing why one was more appropriate than the other.[4]  Compare People v. Mitchell, 296 Ill. App. 3d 930, 932 (1998) (applying 35-day period as hypothetical due date for filing a petition for leave to appeal), with People v. Woods, 193 Ill. 2d 483, 486 (2000) (applying 21-day period), and People v. Lee, 292 Ill. App. 3d 941, 943 (1997) (applying 21-day period).  However, we need not resolve this issue here, because even if we use the longer period, it does not change the result.

Applying either the 21- or the 35-day period, defendant's petition for leave to appeal to the Illinois Supreme Court was due in February 2006.  Defendant then had six months "from the date for filing a certiorari petition" in which to file his postconviction petition.  "Certiorari" is defined as "[a]n extraordinary writ issued by an appellate court, at its discretion, directing a lower court to deliver the record in the case for review."  Black's Law Dictionary 220 (7th ed. 1999).  Though this term is often used in describing petitions seeking review from the United States Supreme Court, it

---

[3]If defendant had timely filed a petition for rehearing with this court, the 21/35-day time limits would have been calculated from the entry of the order denying the petition for rehearing.  210 Ill. 2d R. 315(b).  However, defendant did not file a petition for rehearing in the 2006 case.

[4]The current version of Rule 315(b) gives any party, who has not filed a petition for rehearing in the appellate court, 35 days from the entry of the appellate court judgment for filing a petition for leave to appeal to the Illinois Supreme Court.  Official Reports Advance Sheet No. 6 (March 24, 2010), R. 315(b), eff. February 26, 2010.

is not limited to such context. For example, litigants file petitions for <u>certiorari</u> in the trial court seeking review of decisions of administrative agencies or other tribunals where there is no statutory provision allowing direct review. See, <u>e.g.</u>, <u>Lake v. Illinois</u>, 401 Ill. App. 3d 350, 353 (2010); <u>Reichert v. Court of Claims</u>, 389 Ill. App. 3d 999, 1002 (2009). Thus, according to the dictionary definition of "<u>certiorari</u>," the "date for filing a certiorari petition" could arguably be interpreted as the date for filing a petition for leave to appeal to the Illinois Supreme Court.[5] See <u>Hughes v. McCann</u>, 521 F. Supp. 2d 750, 754 n.2 (N.D. Ill. 2007) (appearing to adopt such an interpretation). In that case, defendant's petition for leave to appeal was due in February 2006, and six months from that time would be August 2006, meaning that defendant's October 2006 petition was untimely.

Defendant takes the position that the phrase "certiorari petition" refers to a petition seeking review from the United States Supreme Court. However, defendant's postconviction petition would still be untimely under this interpretation. Under United States Supreme Court Rule 13, a "petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk <u>within 90 days after entry of the order denying discretionary review</u>." (Emphasis added.) Sup. Ct. R. 13. Here, defendant never sought discretionary review by the Illinois Supreme Court, so he did not have

---

[5]Such an interpretation would be consistent with the previous version of the statute, which provided, "When a defendant has a sentence other than death, no proceedings under this Article shall be commenced more than 6 months after the denial of the Petition for Leave to Appeal to the Illinois Supreme Court, or more than 6 months from the date for filing such a petition if none is filed, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122--1(c) (West Supp. 2003).

an additional 90 days in which to decide whether to appeal to the United States Supreme Court. In other words, given the fact that defendant did not file a petition for leave to appeal, the appellate court judgment became final after 21 days, and a petition for certiorari was not and could not have been filed with the United States Supreme Court, thus triggering the six-month clock under section 122--1(c). A contrary interpretation would not make sense, as it would give defendant an additional 90 days in which to file a postconviction petition when he did not even have the option of using that time to decide whether to file a petition for certiorari. See People v. Christopherson, 231 Ill. 2d 449, 454 (2008) (we presume that the legislature did not intend that a statute create absurd, inconvenient, or unjust results). Thus, defendant's postconviction petition would still have been due in August 2006, meaning that his October 2006 petition was untimely.

Our analysis is supported by People v. Reed, 302 Ill. App. 3d 1007 (1999). In that case, the relevant statute of limitations in the Act provided that a defendant had to file a postconviction petition no more than " '6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed *** or 3 years from the date of the conviction whichever is sooner.' " Reed, 302 Ill. App. 3d at 1008, quoting 725 ILCS 5/122--1(c) (West Supp. 1997). The defendant did not file an appeal, but the State argued that a due date for filing a petition for leave to appeal could be presumed to exist 30 days after the defendant could have appealed his conviction. Reed, 302 Ill. App. 3d at 1008-09. The appellate court disagreed, stating: "We find no support in the Act or elsewhere for the People's assertion that the legislature intended a presumptive due date for a theoretical PLA in drafting the Act." Reed, 302 Ill. App. 3d at 1009. The court reasoned that the due date of filing a petition for leave to appeal is triggered only by an appellate court decision. Without an appeal, there could be no decision from which to seek leave to appeal from the supreme

court, and "no 'due date' for such a nonexistent event." Reed, 302 Ill. App. 3d at 1009. Similarly, here defendant never sought to appeal our January 2006 decision to the Illinois Supreme Court, so he could not have sought review with the United States Supreme Court, and therefore he could not rely on an additional 90-day period to file a theoretical petition for certiorari.

Defendant argues that if the 90-day period under Rule 13 were irrelevant in cases where no certiorari petition is filed, section 122--1(c) should have simply been worded, "no proceedings under this Article shall be commenced more than 6 months from the date for filing a petition for leave to appeal." Defendant argues that the 90-day period has to form some part of the calculation. However, the 90-day period applies only if a defendant is denied leave to appeal by the Illinois Supreme Court, has to decide whether to appeal to the United States Supreme Court, and ultimately decides not to file a certiorari petition.

In sum, whether we construe the phrase "certiorari petition" in section 122--1(c) to refer to either a petition for leave to appeal to the Illinois Supreme Court or a petition seeking review from the United States Supreme Court, defendant's postconviction petition was due in August 2006. Therefore, the trial court did not err in granting the State's motion to dismiss defendant's October 2006 petition as untimely. Based on our resolution of this appeal, we do not address defendant's argument that further second-stage proceedings are necessary because postconviction counsel did not file a Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)) certificate.

### III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the Du Page County circuit court.

Affirmed.

ZENOFF and BURKE, JJ., concur.