THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. KENNETH W. HANSON, Petitioner-Appellant.

Fifth District   No. 5—84—0420

Opinion filed June 28, 1985.

Daniel D. Yuhas and Jonathan Haile, both of State Appellate Defender's Office, of Springfield, for appellant.

Gerald Sims, Jr., State's Attorney, of Pinckneyville (Kenneth R. Boyle, Stephen E. Norris, and Richard Salon, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE JONES delivered the opinion of the court:

The defendant, Kenneth Hanson, was convicted of the offense of unlawful possession of a firearm (Ill. Rev. Stat. 1981, ch. 38, par. 24—3.1(a)(3)) and sentenced to a term of seven months' imprisonment. The defendant's conviction was affirmed on appeal by the Fifth District Appellate Court. (*People v. Hanson* (1983), 120 Ill. App. 3d 84, 457 N.E.2d 1048.) Subsequently, while his petition for leave to appeal was pending in the supreme court, the defendant filed a petition for post-conviction relief, which was dismissed by the trial court without an evidentiary hearing. On appeal from this dismissal, the defendant contends that his post-conviction petition came within the time limits of *People v. Warr* (1973), 54 Ill. 2d 487, 298 N.E.2d 164, because it was filed while the case was still on direct appeal. The defendant contends additionally that the cause must be reversed and remanded to

the trial court because the judge who dismissed the post-conviction petition had been involved in the original proceeding resulting in his conviction in violation of section 122—8 of the Post-Conviction Hearing Act (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—8). We affirm.

The defendant was charged on April 14, 1982, with the offense of unlawful possession of a firearm, a misdemeanor, and the cause was set for trial before Judge Robert Bastien in the circuit court of Perry County. On January 21, 1983, the defendant filed a motion for substitution of judge, alleging that Judge Bastien was prejudiced against him. This motion was heard on January 26, 1983, by Judge Jerry Flynn and denied. Following a bench trial before Judge Bastien on January 31, 1983, the defendant was convicted and sentenced to a term of seven months' imprisonment. The defendant's conviction was affirmed upon direct appeal to the Fifth District Appellate Court on December 8, 1983.

The defendant subsequently filed a petition for leave to appeal to the supreme court, which was denied. On March 30, 1984, while this petition was pending, the defendant filed a *pro se* petition for post-conviction relief in the trial court. In his post-conviction petition, the defendant set forth various instances of alleged error on the part of his appellate counsel resulting in substantial denial of his constitutional rights. The State filed a motion to dismiss the defendant's petition on the grounds that the petition was untimely under *People v. Warr* and that the defendant's claims of ineffective appellate counsel were without merit. On May 30, 1984, Judge Jerry Flynn dismissed the defendant's petition without an evidentiary hearing, finding that the petition failed to comply with the Post-Conviction Hearing Act or the rules set forth by the supreme court in *People v. Warr* and that the defendant's allegations of ineffective appellate counsel were "patently without merit."

On appeal from this dismissal, the defendant contends that his post-conviction petition, filed while the case was still on direct appeal, was timely under *People v. Warr* because the six-month period for filing such a petition after final judgment did not begin to run until after the potential for direct appeal had been exhausted. The supreme court, in *People v. Warr,* created a remedy similar to that provided by the Post-Conviction Hearing Act for a defendant convicted of a misdemeanor who asserted that there had been a substantial denial of constitutional rights in the proceeding resulting in his conviction. The court stated that such a post-conviction proceeding, although otherwise governed by the Act, must have been commenced "within six months after the rendition of final judgment following a trial upon a

plea of not guilty." *People v. Warr* (1973), 54 Ill. 2d 487, 493, 298 N.E.2d 164, 167.

■■■ It is well settled that a final judgment is one that determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with execution of the judgment. (*Relph v. Board of Education* (1981), 84 Ill. 2d 436, 420 N.E.2d 147; *Village of Niles v. Szczesny* (1958), 13 Ill. 2d 45, 147 N.E.2d 371.) In a criminal case, it is the imposition of sentence that causes the judgment to be final. (*People v. Allen* (1978), 71 Ill. 2d 378, 375 N.E.2d 1283; *People ex rel. Grogan v. Lisinski* (1983), 113 Ill. App. 3d 276, 446 N.E.2d 1251.) Thus, it has been held, in proceedings under the Post-Conviction Hearing Act, that the time for filing a post-conviction petition "after rendition of final judgment" (Ill. Rev. Stat. 1983, ch. 38, par. 122–1) is measured from the date of sentencing. (*People v. Rose* (1969), 43 Ill. 2d 273, 253 N.E.2d 456; see *People v. Thomas* (1970), 45 Ill. 2d 68, 256 N.E.2d 794.) In the instant case, then, this rule would be applied so as to render the defendant's post-conviction petition untimely, where it was filed more than six months after the defendant was sentenced on January 31, 1983.

■■ The defendant contends that the effect of requiring that a post-conviction petition be filed within six months of sentencing under *People v. Warr* is to preclude a misdemeanant from raising allegations of constitutional violations occurring during the appellate process. (See *People v. Frank* (1971), 48 Ill. 2d 500, 272 N.E.2d 25 (defendant may raise issue of appellate counsel's ineffectiveness in a post-conviction proceeding).) We are aware of no case that specifically addresses this issue in the context of a post-conviction proceeding under *People v. Warr*. (But *cf. People v. Cangelosi* (1979), 68 Ill. App. 3d 489, 386 N.E.2d 295 (petitioner not bound by strict time limits of *People v. Warr* since his constitutional claim may not have existed until long after the rendition of judgment).) However, we need not consider the issue of timeliness of the defendant's post-conviction petition in the instant case, as this was only one of the reasons relied upon by the trial court in dismissing the defendant's petition. The trial court additionally found from a review of the defendant's petition and the State's motion to dismiss that the defendant's contentions of appellate error were "patently without merit" and failed to show a substantial denial of the defendant's constitutional rights. A nonmeritorious petition may be dismissed without an evidentiary hearing where the petition contains no showing of a substantial denial of constitutional rights. (*People v. Farnsley* (1973), 53 Ill. 2d 537, 293 N.E.2d 600; *People v. Harris* (1980), 91 Ill. App. 3d 376, 414 N.E.2d 911.) The defendant

here, on appeal from dismissal of his petition, has failed to allege that there was any merit to the issues raised in his post-conviction petition. We, therefore, find no basis for error in the trial court's ruling, and we affirm its dismissal of the defendant's post-conviction petition.

■■ The defendant next urges this court to reverse the dismissal of his post-conviction petition because the judge who dismissed it had been involved in the original proceeding that resulted in his conviction. Section 122—8 of the Post-Conviction Hearing Act (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—8) states:

"All proceedings under this Article shall be conducted and all petitions shall be considered by a judge who was not involved in the original proceeding which resulted in conviction."

Judge Jerry Flynn, who dismissed the defendant's post-conviction petition, had previously denied a pretrial motion for substitution of judge based on actual prejudice (see Ill. Rev. Stat. 1983, ch. 38, par. 114—5(c)). The defendant contends that Judge Flynn was thus "involved" in the original proceeding so as to preclude his consideration of the defendant's post-conviction petition.

From the record it appears that Judge Flynn's participation in the trial proceedings was limited to his ruling on the one pretrial matter indicated. All substantive matters were heard by Judge Bastien. Despite the strict interpretation of the statute urged by the defendant, we believe the logical purpose of section 122—8 is to require that a post-conviction petition be considered by a judge who did not participate in any substantive issue leading to the conviction of the defendant. A judge who hears a motion for substitution of judge, even when the motion is based on actual prejudice, is performing only a "formal or ministerial function," because such a motion has "little or no direct relation to the merits" of the case. (*People v. Washington* (1984), 121 Ill. App. 3d 479, 485, 459 N.E.2d 1029, 1034.) Thus, since Judge Flynn's involvement in the proceedings prior to the defendant's conviction was not related to the merits of the case and had no bearing on the defendant's guilt or innocence, we hold that he was not barred by section 122—8 from ruling on the defendant's post-conviction petition.

For the reasons stated in this opinion we affirm the trial court's dismissal of the defendant's post-conviction petition.

Affirmed.

HARRISON and WELCH, JJ., concur.