1 June 2000

NO. 4-99-0345

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from

Plaintiff-Appellee, ) Circuit Court of

v.      ) Clark County

JOSEPH IVY, ) No. 92CF33

Defendant-Appellant. ) 

                      ) Honorable

) Tracy W. Resch,

) Judge Presiding.

_______________________________________________________________

JUSTICE KNECHT delivered the opinion of the court:

Defendant, Joseph Ivy, pleaded guilty to two counts of aggravated criminal sexual assault under section 12-14(b) of the Criminal Code of 1961 (Code) (720 ILCS 5/12-14(b) (West 1992)) in No. 92-CF-33 and escape under section 31-6 of the Code (720 ILCS 5/31-6 (West 1992)) in No. 92-CF-56.  The trial court later sentenced him to 2 consecutive 13-year prison terms for the aggravated criminal sexual assault convictions and a consecutive 4-year term for escape.  After his sentence was affirmed on appeal (
People v. Ivy
, No. 4-95-0224 (October 28, 1996) (unpub

lished order under Supreme Court Rule 23)), defendant filed a petition for postconviction relief.  The trial court dismissed this petition.  Defendant appeals, claiming the trial court erred in finding (1) the petition time-barred and (2) it failed to state a claim for which relief could be granted.  We affirm.

I. BACKGROUND

The State charged defendant on August 7, 1992, with one count of aggravated criminal sexual assault on "John Doe No. 1," a boy under the age of 13.  Defendant waived his right to a preliminary hearing on count I.  On October 28, 1992, the State filed a second charge of aggravated criminal sexual assault against defendant, alleging a similar act against "John Doe No. 2," another boy under the age of 13.  No preliminary hearing was set or waived regarding count II.  

On December 28, the State filed counts III and IV, alleging different acts of aggravated criminal sexual assault against both John Doe No. 1 and John Doe No. 2.  On that same date, defendant entered into a negotiated guilty plea to counts III and IV in exchange for the State's dismissal of counts I and II.  On February 10, 1993, defendant also pleaded guilty to escape.  A sentencing hearing followed.

John Trefz, chief of police for the City of Marshall, testified for the State on the interviews he conducted with three boy victims of defendant.  John Doe No. 1, approximately 12 years old at the time of the interview, told Trefz defendant performed oral sex and other sexual acts on him by force.  These acts occurred during fishing trips with defendant over the previous four or five years.  John Doe No. 2, approximately eight years old at the time of the interview, said defendant performed oral and anal sex on him and the sexual acts occurred for about two years.  He told Trefz other young boys were present at the time of these acts.  

Finally, Trefz stated he had an interview with "John Doe No. 3," who was approximately 12 years old at the time of the interview.  He told Trefz defendant performed oral sex on him and drank his urine.  He stated oral sex occurred with defendant on a "regular basis."  None of the boys mentioned defendant was intoxicated during these acts.  The mother of one of the boys testified defendant was sober both when her son would leave in his company and when he returned her son to her.  

Search warrants had been executed on defendant's vehicles.  Trefz identified the items seized.  One box of items from defendant's Oldsmobile contained newspaper and magazine clippings of young boys.  The return from the warrant indicated "four magazine cut-outs of young boys; one was nude and three partially clothed" and "one photograph of two young boys."  No objection was made by trial counsel as to the relevance of the inventory or whether it had been illegally seized.  

Trefz then identified items from another box seized from defendant's Buick.  Trefz identified nude photos of boys; a book entitled "Sexual Exploitation of Children"; and a videotape of nude "indian-type" people, also described as a "National Geographic type of tape of the Third World country," portraying "Indians laying [
sic
] around with little or no clothing."  Trefz also identified two pair of boy's underwear; photographs of young people, mostly boys, some nude and some clothed; and two more books entitled "Violence in Our Time" and "Children's Play Places."  Trefz also stated many of the photographs seized were just pictures of scenery and of people normally found in maga

zines.    

Clark County jail employee Paul Hoggat also testified to details of defendant's escape from jail.  Defendant's state

ment in allocution included an admission of guilt to the charges of aggravated criminal sexual assault and for his participation in an escape from jail while in custody on those charges.  

The trial court sentenced defendant to consecutive 13-

year terms for each of the 2 aggravated criminal sexual assault convictions and a 4-year consecutive term for escape.  On Febru

ary 22, 1993, the trial court signed and filed a written sentenc

ing order.    

Defendant filed a motion to reconsider the sentence on March 8, claiming the sentence was excessive.  Defendant later filed an amended motion arguing consecutive sentences were not mandated.  On August 10, defense counsel filed a certificate pursuant to Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)), stating he consulted with defendant concerning allegations of error in the motion to reduce sentence.  In October, the trial court denied defendant's motion to reconsider sentence, and defendant filed a notice of appeal from the denial of his motion to reconsider.  

On December 8, 1994, this court vacated the judgment of the trial court and remanded the case by summary order because defense counsel had failed to review transcripts from the guilty plea hearing pursuant to Rule 604(d).  
People v. Ivy
, Nos. 4-93-

0927, 4-93-0928 cons. (November 30, 1994) (unpublished summary order under Supreme Court Rule 23(c)(2)).

On February 14, 1995, defendant filed an amended motion to reconsider sentence or to have a new sentencing hearing.  The court denied this motion on March 6.  The trial court issued a new judgment of sentence on March 8 with the sentences unchanged.  Defendant appealed.  This court affirmed defendant's sentence in No. 92-CF-33 (
People v. Ivy
, No. 4-95-0224 (October 28, 1996) (unpublished order under Supreme Court Rule 23)) and the trial court's judgment in No. 92-CF-56 (
People v. Ivy
, No. 4-95-0225 (October 28, 1996) (unpublished order under Supreme Court Rule 23)).

On April 21, 1997, defendant filed his petition for postconviction relief.  On March 3, 1999, the trial court held a hearing on the State's motion to dismiss defendant's postcon-

viction petition.  On March 8, the trial court found defendant's petition was filed more than three years from the date of convic

tion contrary to section 122-1(c) of the Code of Criminal Proce

dure of 1963 (Code of Criminal Procedure) (725 ILCS 5/122-1(c) (West 1996) (effective January 1, 1997)).  The trial court also found the allegations of the petition insufficient to warrant a hearing.  The trial court then dismissed the petition in its entirety without an evidentiary hearing.

On March 30, the trial court gave defendant notice of the dismissal of the petition and his appeal rights.  He filed a notice of appeal on April 28.  Appointed counsel on appeal filed a motion for leave to file a late notice of appeal on July 7 and this court allowed the late notice on July 8, 1999.  

II. ANALYSIS

Review of the dismissal of a postconviction petition without an evidentiary hearing is 
de
 
novo
.  
People v. Coleman
, 183 Ill. 2d 366, 388-89, 701 N.E.2d 1063, 1075 (1998).  In making a determination whether to grant an evidentiary hearing, all well-pleaded facts in the postconviction petition and accompanying affidavits must be taken as true.  
People v. Steidl
, 177 Ill. 2d 239, 249, 685 N.E.2d 1335, 1340 (1997). 

A. Operation of the Statute of Limitations Provision

Section 122-1(c) of the Code of Criminal Procedure provides in relevant part:

"No proceedings under this Article shall 

be commenced more than 6 months after the

denial of a petition for leave to appeal 

or the date for filing such a petition if

none is filed or more than 45 days after 

the defendant files his or her brief in the

appeal of the sentence before the Illinois

Supreme Court (or more than 45 days after 

the deadline for the filing of the defen-

dant's brief with the Illinois Supreme Court

if no brief is filed) or 3 years from the

date of conviction, whichever is sooner, un-

less the petitioner alleges facts showing

that the delay was not due to his or her

culpable negligence."  725 ILCS 5/122-1(c)

(West 1996) (effective January 1, 1997).

Defendant argues he filed his petition on April 21, 1997, within six months of the date this court rendered its decision affirming his sentence (October 28, 1996) and he was in a position to file a petition for leave to appeal that decision.  He further argues after this court initially vacated the trial court's judgment in 1994, the trial court entered a new sentence, albeit identical to the original one, on March 8, 1995.  There

fore, he argues his petition filed on April 21, 1997, was also within three years of the entry of the "new sentence" and section 122-1(c) does not bar his petition for postconviction relief.

The State contends the trial court did not enter a "new sentence" on March 8, 1995, but simply denied defendant's motion to reconsider sentence.  The State notes the 
imposition
 of sentence in a criminal case causes the judgment to be final (
People v. Hanson
, 134 Ill. App. 3d 1002, 1005, 481 N.E.2d 733, 734 (1985)) and argues the sentence in this case was 
imposed
 on February 22, 1993, four years prior to the filing of defendant's April 1997 postconviction petition.  Therefore, the three-year-

from-the-date-of-conviction bar found in section 122-1(c) oper

ates to make defendant's petition untimely despite his having filed it within six months of the ruling on his latest appeal, as the statute notes the operative date is "whichever is sooner."  725 ILCS 5/122-1(c) (West 1996) (effective January 1, 1997)).

This a case of first impression.  It has been noted, however, although under different factual circumstances, the provisions pertaining to postconviction relief should not be construed so strictly as to deny a defendant a fair hearing or defeat the remedial purposes of the Act.  
People v. Hudson
, 65 Ill. App. 3d 422, 426, 382 N.E.2d 646, 649 (1978).  Adopting the State's position would defeat the remedial purposes of postcon-

viction relief because it would defeat defendant's claim 
before
 his direct appeal rights had been exhausted.

The three separate limitations periods found in section 122-1(c) were discussed in 
People v. Reed
, 302 Ill. App. 3d 1007, 1009, 706 N.E.2d 1059, 1061 (1999).  First, the six-month limita

tion applies where defendant appealed to the appellate court, which triggers "the denial of a petition for leave to appeal" to the Supreme Court of Illinois "or the date for filing such a petition."  725 ILCS 5/122-1(c) (West 1996) (effective January 1, 1997).  Second, the 45-day period applies to cases appealed directly to the supreme court (such as capital cases) or cases where the petition for leave to appeal is granted.  Finally, the three-year period from the date of conviction applies to all other cases.  In 
Reed
, defendant took no direct appeal and the court found the three-year period applied.  
Reed
, 302 Ill. App. 3d at 1009, 706 N.E.2d at 1061.  

While we do not agree with defendant that the time commenced ticking when the trial court most recently denied his amended motion to reconsider sentence on March 8, 1995, we do not find the three-year limitations period found in section 122-1(c) bars his petition for postconviction relief.  The trial court sentenced defendant on February 10, 1993, and entered the judg

ment of sentence on February 22.  This sentence was not final until the trial court denied defendant's amended motion to reconsider sentence and that denial was affirmed on appeal.  This did not occur until this court's decisions of October 28, 1996.   

Dicta
 in 
Reed
 indicated the three-year period in section 122-1(c) might apply where a direct appeal and the time for a petition for leave to appeal extended more than three years beyond the date of conviction, as in this case.  
Reed
, 302 Ill. App. 3d at 1009, 706 N.E.2d at 1061.  We disagree with this 
dicta
 in the 
Reed
 court's analysis.  Defendant here did exactly as the postconviction hearing article anticipated.  725 ILCS 5/122-1 through 122-8 (West 1996).  Defendant exhausted his appellate remedies prior to filing a postconviction petition.  He did not sit back and do nothing after his conviction while three years went by, allowing his case to grow stale before filing his post-

conviction petition.  He obtained a final determination on his amended motion to reconsider sentence on October 28, 1996, and filed his postconviction petition within six months of that date.   We are not prepared to require a defendant to file a postconviction petition while the decision of this court on direct appeal is pending in order to be within the three-year limitations period from the original imposition of sentence.  An otherwise diligent defendant should not be penalized in the filing of a postconviction petition for the length of time it takes his attorneys, the State, and this court to process a direct appeal.  Therefore, we find defendant's petition for post-

conviction relief was not barred by section 122-1(c) but was timely filed.          

B. Sufficiency of the Allegations of the Petition

We turn now to the factual allegations made in defen

dant's petition.  They were all properly dismissed for failure to sufficiently state a claim for postconviction relief.  Defendant first argues that prior to entering his guilty plea to the aggravated criminal sexual assault charges his trial counsel was ineffective for failing to file a motion to suppress evidence seized, failing to move to suppress his confession, and coercing him into pleading guilty.  

As previously noted, we are conducting a 
de
 
novo
 review of the dismissal of defendant's postconviction petition and are not bound by the reasons given by the trial court in dismissing but may sustain the judgment upon any ground warranted.  
People v. Shanklin
, 304 Ill. App. 3d 1056, 1059-60, 711 N.E.2d 796, 798 (1999).  The failure to raise a claim that could have been addressed on direct appeal is a procedural default that results in a bar to consideration of the claim's merits in a postcon-

viction proceeding.  
People v. Erickson
, 161 Ill. 2d 82, 87, 641 N.E.2d 455, 458 (1994).  An exception exists where the matters supporting the claim were not of record on direct appeal.  
Erickson
, 161 Ill. 2d at 87, 641 N.E.2d at 458.  All of defen

dant's first three claims of ineffective assistance of counsel could have been raised on direct appeal.  No affidavits are attached to the petition providing any additional evidence not previously of record supporting his allegations.  These three claims are barred from consideration in his postconviction petition.

Further, after pleading guilty, a defendant may not generally raise claims of deprivation of constitutional rights occurring prior to the entry of the guilty plea.  
Tollett v. Henderson
, 411 U.S. 258, 267, 36 L. Ed. 2d 235, 243, 93 S. Ct. 1602, 1608 (1973); 
People v. Wendt
, 283 Ill. App. 3d 947, 957, 670 N.E.2d 1230, 1237 (1996).  Thus, these first three claims of alleged constitutional deprivations may not be raised as they occurred prior to the entry of defendant's guilty plea.

The standard for determining the merits of a claim of ineffective assistance of trial counsel in a petition for post-conviction relief is the two-pronged test announced in 
Strickland v. Washington
, 466 U.S. 668, 690, 694, 80 L. Ed. 2d 674, 695, 698, 104 S. Ct. 2052, 2066, 2068 (1984).  A defendant must prove that, despite the strong presumption of counsel's professional competence, allegedly unprofessional acts or omissions were committed and a reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  
People v. Stewart
, 141 Ill. 2d 107, 118, 565 N.E.2d 968, 973 (1990).  If a case can be decided on whether defendant has been prejudiced by alleged deficient representation, a court should do so rather than determine if counsel's actions were deficient.  
Strickland
, 466 U.S. at 697, 80 L. Ed. 2d at 699, 104 S. Ct. at 2069.

In this case, the evidence of defendant's guilt came primarily from the complaints of the two minor victims, John Doe No. 1 and John Doe No. 2.  Even if the evidence seized from defendant's automobiles and his videotaped confession had been suppressed, nothing suggests another outcome to the case.  Defendant was not prejudiced because of trial counsel's failure to move to suppress the evidence or his confession.

Additionally, defendant's petition does not indicate how defense counsel could successfully have argued a motion to suppress the evidence.  Defendant argues some of the items seized were not included in the list of items enumerated in the search warrant itself.  Some were irrelevant to the charges filed against him.  The cases he cites in support of suppressing this evidence, however, all deal with first amendment issues regarding bookstores engaged in the sale of allegedly obscene material.  No such issues are involved here.  An attorney is not required to make futile motions to avoid charges of ineffective assistance of counsel.  
People v. Bynum
, 257 Ill. App. 3d 502, 509, 629 N.E.2d 724, 728 (1994).

As for defendant's assertions trial counsel should have moved to suppress his confession, the affidavits he attached to his petition in support of his argument did not support him.  Defendant claimed to have requested an attorney before making his statement and claimed a specific police officer was aware of his request.  He requested the officer supply an affidavit verifying this fact, but the officer replied he did not remember the incident and was long since retired.  A defendant is not entitled to an evidentiary hearing on his postconviction petition unless he makes a substantial showing of a violation of his constitu

tional rights supported either by the record or by affidavits.  
People v. Almodovar
, 235 Ill. App. 3d 144, 149, 601 N.E.2d 853, 856 (1992).  Here, no such showing was made either of record or by affidavit.

The same holds true for defendant's assertions he was coerced into pleading guilty.  The record of the guilty plea indicates the trial court scrupulously inquired of defendant as to his knowing, intelligent waiver of his right to a trial and of a trial's attendant rights.  In addition, the trial court in

quired into the voluntariness of defendant's plea and defendant assured it he was not forced into making the plea.  Defendant now asserts his trial counsel told him, "If you do not plead guilty, I do not know how to defend you."  Defendant requested trial counsel supply him with an affidavit verifying this statement and counsel declined to do so, denying he ever said this or anything similar to defendant.  No evidence of misrepresentations made to defendant to induce him to plead guilty exists either of record or supported by affidavit.                   

Defendant next asserts his trial counsel failed to object to hearsay testimony used in aggravation at his sentencing hearing and that was ineffective assistance of counsel.  Defen

dant notes trial counsel made no objection when police chief Trefz testified to statements made by three John Does, all under the age of 13.  He claims such hearsay testimony is only admissi

ble in the prosecution of a sexual offense committed against a child under the age of 13 when a hearing has been held to deter

mine whether the "time, content, and circumstances of the statement provide sufficient safeguards of reliability."  725 ILCS 5/115-10(b) (West 1998).  

Defendant is correct in his assertions concerning the use of hearsay statements of children under 13 when they are used in the 
prosecution
 of sexual offenses.  However, in this case the statements were used during the sentencing and not the prosecu

tion of the crimes charged.  Hearsay evidence is admissible at sentencing.  
People v. Pickens
, 274 Ill. App. 3d 226, 233, 653 N.E.2d 778, 783 (1995).  

Defendant also argues evidence of uncharged conduct presented in the statement of John Doe No. 3 should not have been admitted and trial counsel should have objected to its admission.  Uncharged criminal conduct is relevant in a sentencing determina

tion.  
People v. Flores
, 153 Ill. 2d 264, 296, 606 N.E.2d 1078, 1094 (1992).  The evidence of which defendant complains was properly admitted at the sentencing hearing.  Where an objection would have been overruled, trial counsel is not required to make a losing objection to provide effective representation.  
People v. Lewis
, 88 Ill. 2d 129, 156, 430 N.E.2d 1346, 1359 (1981).  The trial court properly dismissed this portion of the postconviction petition.

Finally, defendant asserts he received ineffective assistance of appellate counsel because appellate counsel failed to raise and argue on appeal the trial court's denial of his motion to withdraw his guilty plea.  However, the postconviction petition stated mere conclusory allegations without factual support that appellate counsel was ineffective for failing to challenge the denial of his motion to withdraw his guilty plea.  An allegation in a postconviction petition must be based on factual allegations and not mere conclusory statements.  
People v. Cihlar
, 125 Ill. App. 3d 204, 208, 465 N.E.2d 625, 628 (1984).  The record shows no meritorious issues to be raised concerning the denial of defendant's motion to withdraw his guilty plea despite defendant's assertions he should have been granted a preliminary hearing on counts II, III, and IV, which were added after the initial charge was filed.  Defendant pleaded guilty to counts III and IV in exchange for the State's promise to dismiss counts I and II.  The fact no preliminary hearing was held on several counts is irrelevant.  Defendant admitted his guilt.  Where an issue has no merit and would not have changed the outcome on direct appeal, a defendant suffers no prejudice from appellate counsel's failure to contest the issue on appeal.  
People v. Winsett
, 153 Ill. 2d 335, 347, 606 N.E.2d 1186, 1193 (1992).  The trial court did not err in dismissing this portion of defendant's postconviction petition.

III. CONCLUSION

Therefore, although we find defendant's postconviction petition was timely filed, we find the trial court properly dismissed the petition because he failed to raise issues for which relief could be granted by a postconviction petition.  The judgment of the trial court is affirmed.

Affirmed.

GARMAN, J., concurs.

MYERSCOUGH, J., specially concurs.

JUSTICE MYERSCOUGH, specially concurring:

Defendant was resentenced following remand by this court on March 8, 1995.  He timely filed his postconviction petition on April 21, 1997, well within the three-year limit  under the Post-Conviction Hearing Act.

Nonetheless, I concur with the majority finding the trial court properly dismissed the petition because defendant failed to raise issues for which relief could be granted by a postconviction petition, and I agree to affirm the trial court.