NOTICE
Decision filed 10/26/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 180508-U

NO. 5-18-0508

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jackson County. |
| | ) | |
| v. | ) | No. 16-CF-332 |
| | ) | |
| JERRY LEE LEWIS, | ) | Honorable |
| | ) | William G. Schwartz, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Justices Welch and Vaughan concurred in the judgment.

**ORDER**

¶ 1  *Held*:  Where the defendant, in his postconviction petition, failed to state the gist of a constitutional claim, and any argument to the contrary would lack substantial merit, the defendant's court-appointed attorney is granted leave to withdraw, and the judgment of the circuit court, summarily dismissing the petition, is affirmed.

¶ 2  The defendant, Jerry Lee Lewis, pleaded guilty to burglary, a Class 2 felony, and was sentenced as a Class X offender to imprisonment for 12 years. No direct appeal was taken. The defendant filed a timely petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)). The circuit court summarily dismissed the petition as frivolous and patently without merit. The defendant now appeals from the summary dismissal. The defendant's appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks merit. On that basis, OSAD has filed a motion to withdraw as counsel (see

1

*Pennsylvania v. Finley*, 481 U.S. 551 (1987)), along with a memorandum of law in support thereof. OSAD properly gave notice to the defendant, who has filed in this court a *pro se* brief. This court has examined OSAD's filings, the defendant's brief, and the entire record on appeal. This court concludes that this appeal does not present any issue of arguable merit. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 3                                              BACKGROUND

¶ 4      In August 2016, the defendant was charged with one count of burglary and two misdemeanor counts, disorderly conduct and criminal trespass to real property. Also, the State filed notice that the defendant would be sentenced as a Class X offender due to his two prior convictions for burglary in 2005 and 2007. See 730 ILCS 5/5-4.5-95(b) (West 2016). The public defender was appointed to represent the defendant.

¶ 5      On October 25, 2016, the defendant, defense counsel, and a prosecutor participated in a Rule 402 conference (Ill. S. Ct. R. 402(d) (eff. July 1, 2012)) with the trial judge. After admonishing and questioning the defendant about the conference (Ill. S. Ct. R. 402(d)(1) (eff. July 1, 2012)), the court discussed the specific charges against the defendant, with an emphasis on the burglary charge and the defendant's possible 6- to 30-year prison term as a Class X offender, owing to his criminal history. Defense counsel stated that the State had offered a 12-year sentence, to be followed by 3 years of mandatory supervised release (MSR). The judge and the defendant discussed the sentence, including day-for-day credit and presentencing incarceration credit. The defendant asked whether he could request a two-week furlough if he accepted the plea; the judge responded that he could make such a request, but the judge did not seem enthusiastic about the idea. Defense counsel told the defendant that the plea and the furlough were separate, and that even if he pleaded guilty, the judge might not grant the furlough, and the defendant indicated his

understanding. The defendant said that he would accept the plea for a 12-year sentence. At the request of defense counsel, and with the assent of the defendant, the court set the cause for plea and sentencing.

¶ 6     On December 6, 2016, the defendant, his counsel, and a prosecutor appeared for a pretrial conference. Defense counsel announced that he was ready for trial, in light of the defendant's vacillating between accepting and rejecting the State's plea offer. Counsel mentioned that the State's offer involved a prison sentence of 12 years, and that the offer was set to expire on that day. The defendant refuted counsel's statement that he was vacillating; he told the court that he actually told counsel that he would accept the plea offer but that he would like to request a transcript of the plea hearing. Defense counsel told the court that he interpreted the defendant's request for a guilty-plea transcript as an indication that the defendant was planning an appeal, and that counsel did not feel "comfortable" with his client entering a guilty plea while simultaneously preparing to withdraw the plea and commence an appeal. The court commented to the defendant, "If you're already planning on appealing something, we have a trial date currently scheduled." The court scheduled another pretrial hearing for December 8, and the State said that it would extend its plea offer until that date.

¶ 7     On December 8, 2016, the defendant, defense counsel, and a prosecutor appeared before the circuit court. The attorneys related that the defendant would plead guilty to burglary and would be sentenced to imprisonment for 12 years and MSR for 3 years, while the two misdemeanor counts would be dismissed. The court admonished the defendant as to the nature of the burglary charge and the possible penalties, specifically stating that although burglary was categorized as a Class 2 felony, the defendant faced a sentencing range of 6 to 30 years in prison, plus 3 years of

3

MSR, based on his being sentenced as a Class X offender due to his prior convictions. The defendant indicated his understanding.

¶ 8    The court admonished the defendant about the presumption of innocence, the State's burden of proof at trial, his right to remain silent, his right to confront and cross-examine the State's witnesses, and his right to present witnesses and evidence, and that by pleading guilty he would waive each of those rights, and the defendant indicated his understanding. The defendant also indicated that he had not been forced or threatened into accepting the plea, but had chosen to plead guilty, and that he wanted to plead guilty. (The court did not specifically question the defendant about any promises, apart from the plea agreement, used to obtain the plea.) He acknowledged reading, understanding, and signing a written plea, and said that he did not have any questions about it. The signed plea of guilty to burglary is part of the record on appeal; it includes this sentence: "Other than the plea agreement, no other promises have been made to me to cause me to [*sic*] this plea of guilty." The defendant denied being under the influence of alcohol or any medication or drug that might affect his ability to understand the proceedings. The court advised the defendant that if it accepted the plea agreement, it would sentence him to 12 years in prison, with day-for-day credit and credit for time served, followed by 3 years of MSR, and the defendant indicated his understanding. The defendant did not have any questions.

¶ 9    The State provided a factual basis for the plea. The State then recited the defendant's history of criminal convictions, and both the State and the defense waived preparation of a presentence investigation report. The court found that there was a factual basis, and that the defendant pleaded guilty knowingly and voluntarily. The court accepted the defendant's plea of guilty to burglary and pronounced a sentence of imprisonment for 12 years and MSR for 3 years, dismissing the two misdemeanor counts. The defendant did not have any questions. The court

4

admonished the defendant as to his right to appeal, beginning with the requirement that he file a motion to withdraw guilty plea within 30 days, and the defendant indicated his understanding. Finally, the court asked, "One final time, is this what you want to do, sir?" The defendant answered, "Yes."

¶ 10    The next day, December 9, 2016, the judge signed a written judgment and sentence, which reflected the 12-year prison term and the 3-year MSR term, and awarded the defendant credit for 129 days of presentencing incarceration.

¶ 11    On March 29, 2018, the clerk of the circuit court file-stamped a handwritten petition for postconviction relief (725 ILCS 5/122-1 *et seq.* (West 2018)), signed by the defendant. In the petition, the defendant claimed (1) that he had been "blackmailed, and forced into signing a plea"; (2) that his plea was "a forceful plea, as [the judge] made [him] promise the court four or five times that [he] willingly accepted twelve years"; and (3) that plea counsel had "deliberately and intentionally worked faithfully with [the] prosecutor" and "showed no interess [*sic*] in [his] case," and thus "deliberately violated" the defendant's rights under the first, sixth, and fourteenth amendments. Much of the petition consisted of descriptions of plea counsel's alleged actions and failures, allegedly motivated by malice toward the defendant and a desire to please the prosecutor, that occurred prior to the guilty plea, with the circuit court participating in the chicanery.

¶ 12    On April 2, 2018, the circuit court dismissed the petition as frivolous and patently without merit. The defendant now appeals from that dismissal.

¶ 13                                    ANALYSIS

¶ 14    This appeal is from the summary dismissal of the defendant's petition for postconviction relief. Appellate review is *de novo*. *People v. Boykins*, 2017 IL 121365, ¶ 9. On *de novo* review, this court applies the same analysis that the circuit court would perform. *People v. Tyler*, 2015 IL

5

App (1st) 123470, ¶ 151. Therefore, this court may affirm the summary dismissal on any proper ground. *People v. Lee*, 344 Ill. App. 3d 851, 853 (2003).

¶ 15    As previously mentioned, the defendant's court-appointed attorney, OSAD, has concluded that this appeal lacks merit and accordingly has filed a *Finley* motion to withdraw as counsel. In a brief accompanying the motion, OSAD raises the potential issue of whether the postconviction petition stated the gist of a constitutional claim. This court agrees with OSAD that this appeal has no merit.

¶ 16    The Post-Conviction Hearing Act (Act) provides a method by which a criminal defendant may assert that his conviction resulted from a substantial violation of his federal or state constitutional rights. 725 ILCS 5/122-1(a)(1) (West 2016); *People v. Smith*, 2015 IL 116572, ¶ 9. At the first stage of proceedings, the Act requires the circuit court to independently examine a defendant's postconviction petition. 725 ILCS 5/122-2.1(a) (West 2016); *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). All well-pleaded facts are taken as true. *People v. Coleman*, 183 Ill. 2d 366, 391 (1998). The circuit court needs to determine whether it should summarily dismiss the defendant's petition as frivolous or patently without merit (725 ILCS 5/122-2.1(a)(2) (West 2016)) or should order the petition to be docketed for further consideration (*id.* § 122-2.1(b)). *Edwards*, 197 Ill. 2d at 244-46. A *pro se* postconviction petition may be dismissed as frivolous or patently without merit only if its allegations, taken as true and liberally construed, fail to state the " 'gist of a constitutional claim.' " *Edwards*, 197 Ill. 2d at 244 (quoting *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996)). In other words, the petition may be dismissed "only if [it] has no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 16 (2009). "A petition which lacks an arguable basis either in law or in fact is one which is based on an indisputably meritless legal theory or a fanciful factual allegation." *Id.* For example, if the petition's allegations are completely

6

contradicted, or positively rebutted, by the record, summary dismissal is appropriate. *Id.*; *Coleman*, 183 Ill. 2d at 381-82.

¶ 17   In his postconviction petition, the defendant's first claim was that he had been "blackmailed, and forced into signing a plea." Nothing could be further from the truth. At the defendant's plea hearing on December 8, 2016, as described in detail *supra*, the court admonished and questioned the defendant with great care and in a manner that revealed that the defendant wanted and chose to plead guilty. See Ill. S. Ct. R. 402(b) (eff. July 1, 2012) (the circuit court shall not accept a guilty plea without first determining that it is voluntary). As for the written plea of guilty, the defendant explicitly acknowledged reading, understanding, and signing it, and he said that he did not have any questions about it. As the defendant indicated at the plea hearing, he had not been forced or threatened into accepting the State's plea offer. This postconviction claim has no merit.

¶ 18   The defendant's second claim was that his plea was "a forceful plea, as [the judge] made [him] promise the court four or five times that [he] willingly accepted twelve years." The novelty of this allegation is that it uses the court's diligence in ensuring the voluntariness of the plea as evidence that the plea was involuntary. This claim is indisputably meritless.

¶ 19   The defendant's third claim was that plea counsel had "deliberately and intentionally worked faithfully with [the] prosecutor" and "showed no interest [*sic*] in [his] case," and thus "deliberately violated" the defendant's rights under the first, sixth, and fourteenth amendments to the United States Constitution. The defendant wrote that "Courts, Records, Transcripts plus other legal documents" showed this wrongdoing. However, nothing in the record on appeal supports these allegations. As the circuit court wrote in its dismissal order, "There is nothing in the docket that reflects the defendant had any problem or voiced any problem to the Court concerning the

7

representation he received. No facts have been presented which support the constitutional deprivations asserted by the defendant." This postconviction claim also has no merit.

¶ 20 Furthermore, much of the defendant's postconviction grousing about plea counsel's representation seems to concern counsel's actions or inactions taken prior to the actual plea. However, a voluntary plea of guilty waives all nonjurisdictional errors or irregularities, including constitutional defects. *People v. Townsell*, 209 Ill. 2d 543, 545 (2004). Thus, in general, after a defendant pleads guilty, he may not raise claims of deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *People v. Ivy*, 313 Ill. App. 3d 1011, 1017 (2000). This general rule comes from the fact that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). In *Tollett*, the United States Supreme Court stated that when a "defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.* This postconviction claim also has no merit.

¶ 21                                                  CONCLUSION

¶ 22 In his postconviction petition, the defendant failed to state the gist of a constitutional claim, and therefore the circuit court did not err in summarily dismissing it. Any argument to the contrary would lack merit. Therefore, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 23 Motion granted; judgment affirmed.